**In the Matter of Jimmy B. DILS.**

**No. 41S00–9405–DI–436.**

Supreme Court of Indiana.

Feb. 14, 1995.

Robert C. Bruner, Clark, Quinn, Moses & Clark, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

Jimmy B. Dils has been charged by the Disciplinary Commission with violating the *Rules of Professional Conduct for Attorneys at Law* by failing to act with reasonable diligence and promptness in representing a client, and by failing to turn over a case file after a representation terminated. The charges arise out of legal representation Respondent Dils provided in regard to two estates. Respondent and the Commission have agreed upon a formal resolution of this matter, and, pursuant to Ind. Admission and Discipline Rule 23, Section 11, have tendered their Statement of Circumstances and Conditional Agreement for Discipline to this Court for approval. In it, they agree that Respondent engaged in misconduct, and that a public reprimand is an appropriate sanction.

Adopting the factual statement contained in the agreement, we now find that Respondent was admitted to the Bar of this state in 1966. He is therefore subject to this Court's disciplinary jurisdiction.

### Count I.

Respondent was named personal representative of an estate on May 31, 1989. In early 1991, the court overseeing administration of the estate discovered that it remained open, and that Respondent had taken no action since March 15, 1990. The court thus ordered Respondent to appear at a compliance hearing on January 31, 1991. At hearing, Respondent stated that he would file an accounting and closing statement to conclude the estate by March 28, 1991. The court ordered that the documents be filed no later than April 1, 1991, and additionally ordered Respondent to appear in court that day. April 1, 1991 passed with no filings forthcoming from Respondent.

On August 30, 1991, the court had to order Respondent, in his capacity as personal representative, to pay $19,601.52 to Central State Hospital for care of the estate decedent's mother. On April 8, 1992, the court learned that an individual had signed an agreement to pay for real property owned by the estate and had provided to Respondent an earnest money check. Respondent thereafter failed to conclude this real estate transaction.

On April 10, 1992, the court removed Respondent as personal representative and ordered him to file an inventory and final accounting within ten days. In the event Respondent failed to abide by the court's order, he was to appear in person and state, on record, any reasons for such failure. Not only did the Respondent fail to file an inventory and accounting as ordered, but he also failed to appear in person to explain his inaction.

The court appointed a successor personal representative the same day it removed Respondent. Respondent never provided his successor with an inventory or accounting, and neglected to forward the file or assets of the estate until approximately one year after Respondent's removal.

We conclude that Respondent failed to diligently administer or ultimately close the estate, and therefore that he violated Ind. Professional Conduct Rule 1.3. By failing to turn the case file over to his successor personal representative until approximately one year after Respondent's removal as personal representative, Respondent violated Prof. Cond.R. 1.16(d).

### Count II.

On November 12, 1991, the estate of a decedent leaving a last will and testament was opened, and the court appointed Respondent as attorney for the court's supervised administration of the estate. The court appointed the decedent's daughter as the estate's executor. On December 3, 1991, the decedent's widow filed an election to take against the will. On February 21, 1992, the widow filed two claims against the estate:

one in the amount of $4,941.20, and another for a surviving spouse's statutory allowance of $8,500.00.

Beginning December 3, 1991, the widow's attorney attempted to contact Respondent to negotiate the claims filed against the estate. Respondent consistently failed to negotiate or otherwise respond to the widow's requests for information. From November 12, 1991, until March 1993, Respondent failed to file an accounting or an inheritance tax return, and failed to otherwise properly close the estate.

We find that Respondent failed to act with reasonable diligence and promptness in administering the affairs of the estate. His conduct therefore violated Prof.Cond.R. 1.3.

Having concluded that Respondent engaged in misconduct, we must now assess the appropriateness of the agreed sanction, that being a public reprimand. Relevant to this analysis is the existence of several factors which the parties agree mitigate in Respondent's favor. The parties agree that there was no selfish motive fueling Respondent's misconduct, that Respondent has in good faith attempted to rectify the consequences of his misconduct by eventually turning over the estate files to successor counsel, and that Respondent has a good professional reputation and record of public service. Further, he has expressed remorse for his misconduct.

We do note, however, that Respondent has been privately reprimanded by this Court once before. Despite this, we conclude that the agreed sanction, a public reprimand, is reasonable in this case and should be accepted, in part based on this Court's interest in encouraging resolution of disciplinary actions by agreement.

Accordingly, Respondent Jimmy B. Dils is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against Respondent.